UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTHERN FLORIDA

Case number:

Julian Rodney Rooks Jr.

Adversary Proceeding number:

    Debtor,


Julian Rodney Rooks Jr.

    Plaintiff, *pro se*

JURY TRIAL DEMANDED

vs.


Equinox Capital, licensed by the United
States Small Business Administration,
Equinox Capital Partners LLC,
Equinox, *et al*,
Prairie Capital,
R3 Education Inc., a Florida Corporation,
R3 Education, a Massachusetts
Corporation, Steven Rodger, CEO,
St. Matthews University, Inc., a Florida
Corporation, St. Matthew's University
(Cayman) Ltd., Corp., a Florida Corporation
St. Matthew's University
School of Medicine LLC, a Florida
Corporation, St. Matthews University
Ltd., a Florida Corporation,
St. Matthews University School of
Medicine *et al.*, St. Matthews University *et al.*,
Jerry Thornton Ph D, St. Matthews
University, Vice President,

FILED
2016 JAN 22 P 2:26
CLERK
BANKRUPTCY COURT
NORTHERN DISTRICT FL.

Renae Sersland M.D., St. Matthews University, Vice President of University Services, Jeffrey Sersland M.D., President and CEO, St. Matthews University, Roger Crawford Courtney Esq., Special Council to St. Matthews University, Member of the Bar of the Commonwealth of Virginia and of other states,
Global Education Resources, LTD., a Virginia Corporation,
Global Health and Education I Law and Policy, LLC, a Virginia Corporation,
Global Health and Education Inc., a Virginia Corporation,
Frank O. Appantaku M.D., an Illinois Physician and SMU Clinical Preceptor,
Advocate Health Care, an Illinois Corporation,
Michael Harris M.D., a Florida Physician,
Galen Paul Swartzendruber, M.D., a Florida Physician,
Gary McCutchen, Ed. D. St. Matthews University Chancellor,
Gloria Miranda Avila, St. Matthews University Registrar,
Nancy Adamson, St. Matthews University Registrar,
Darlene Kathryn Burke, St. Matthews University, a Florida Certified Public Accountant
Jennifer Applequist, St. Matthews University Registrar,
Janice M. Cresos?, St. Matthews University Registrar,
The State of Florida, Department of State, Secretary of State Ken Detzner
The State of Florida, Department of Education, Comissioner Pam Stewart,
Student Finance Corporation United States doing business as U.S. Department of Education,

United States doing business as
Sallie Mae,
United States doing business as
Navient,
United States doing business as
Wells Fargo ELT SLFA-WA, Inc.,
United States doing business as
Finance Authority of Maine,
United States doing business as
Deutsch Bank ELT SLM Trusts,
United States doing business as
USA Funds,
United States doing business as
JP Morgan Chase, NA,
United States doing business as
Account Control Technology, Inc.
Sallie Mae, Inc., a Florida Corporation,
Sallie Mae Bank
Sallie Mae, dba Navient Solutions Inc.
Kurt Felder, a Sallie Mae Investigator
Key Bank
Key Education Resources
General Revenue Corporation,
Finance Authority of Maine,
St Joseph's College of Maine,
National Enterprise Systems,
United Student Aid Funds, Inc.,
USA Funds Inc.,
USA Group Loan Services,
Allied Interstate LLC,
GC Services Limited Partnership,
Windham Professionals,
Pioneer Credit Recovery, Inc.,
Progressive Financial Services,
Primary Financial Services,
Sunrise Credit Services, Inc.,
Financial Asset Management Systems Inc.,
Rapid Recovery,
Oxford Law, LLC
and other John/Jane Doe's,

      Defendants,

    PLAINTIFF'S MOTION FOR SURETY BOND

  Based upon evidence submitted in the complaint, Defendants in this case;

(a) ignore the permanent injunction of the Court repeatedly for years (exhibits 215-229, 250-259),

(b) proceed with activities which damage the Plainitffs and the United States (False Claims),

(c) use the law as a trick to restructured itself in contemplation of a case under Title 11 and with intent to defeat the provisions of title 11 (exhibits 168-175) and have since successfully defeated the provisions of title 11,

(c) proceed with actions which damage the general public (exhibits 207-211),

(d) are pioneers in the use of domestic and foreign multi-layered LLC's (exhibit 167, 195),

(e) use sham foreign entities (exhibit 264, 265, 269, video exhibit #16),

(f) while trying to conceal these acts (exhibits 39, 55, 61, 62, 107A, 121-135, 158A,B, 159D,E, 160D,I, 161A, 161D,F, 162D,F, 172D, 176, 177, 179, 187A,B, 190B, 192A,B,C, 194, 230-235, 236,237, 248 and 249, 243 and 244, 271, 272, 273, 274, 275, 286B, 286F,

(g) and other acts.

Plaintiff's have reason to believe that it can easily be inferred that a large number of Defendants do not consider themselves to be subject to the jurisdiction of the Court, will be unwilling participants, are not interested in presenting a defense at trial and will try to hide and/or abscond with any potentially forfeitable assets as they have done at least once before (exhibits 168-175). Multiple Defendants have failed to abide by the permanent order of the Court repeatedly for years (exhibits 215-229) and Plaintiffs believe they will not abide by any additional order of the Court and are even less likely to pay any award for damages ordered by the Court.

Due to the increased risk outlined above, Plaintiffs believe that a bond is both timely and appropriate in the interest of justice in this case. Plaintiffs respectfully request the Court to require the Defendants to post a surety bond.

DATED: 1/22/2016

PLAINTIFF,

*[signature]*
Julian Rodney Rooks Jr.
3648 Dartford Lane
Tallahassee, Florida 32311
(850) 329-7019