**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

| | | |
|---|---|---|
| In re: | § § | CASE NO. 16-40025-KKS |
| JULIAN RODNEY ROOKS, JR., | § § | (Chapter 7) |
| Debtor. | § § | |
| JULIAN RODNEY ROOKS, JR., & BARBARA ROOKS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | ADV. PRO. NO. 16-04003-KKS |
| EQUINOX CAPITAL, LICENSED BY THE UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | § § § § § | |
| Defendants. | § | |

**MOTION OF DEFENDANTS EQUINOX CAPITAL SBIC, L.P.,
R3 EDUCATION, INC., ST. MATTHEW'S UNIVERSITY, INC.
AND ST. MATTHEW'S UNIVERSITY (CAYMAN), LTD.
FOR EXTENSION OF TIME TO FILE
A RESPONSIVE PLEADING OR OTHERWISE ANSWER
AND INCORPORATED MEMORANDUM OF LAW**

TO THE HONORABLE KAREN K. SPECIE, CHIEF U.S. BANKRUPTCY JUDGE:

COME NOW DEFENDANTS Equinox Capital SBIC, L.P.,[1] R3 Education, Inc., a Delaware corporation,[2] St. Matthew's University, Inc., a Delaware corporation,[3] and St. Matthew's University (Cayman), Ltd. d/b/a St. Matthew's School of Medicine, a Cayman Islands

---

[1] Equinox Capital SBIC, L.P. has also been erroneously named as "Equinox Capital, licensed by the United States Small Business Administration," "Equinox Capital Partners LLC," Equinox Capital, Inc. and "Equinox, *et al.*"

[2] R3 Education, Inc. has also been erroneously named as "R3 Education Inc., a Florida Corporation" and "R3 Education, a Massachusetts Corporation."

[3] St. Matthew's University, Inc. has also been erroneously named as "St. Matthews University, Inc., a Florida Corporation."

corporation[4] (collectively, the "Movants"), and file this *Motion for Extension of Time to File a Responsive Pleading or Otherwise Answer and Incorporated Memorandum of Law*. In support thereof, the Movants respectfully represent as follows:

1. The Movants have been named as Defendants in the Complaint (the "Complaint") filed in the above-captioned adversary proceeding (the "Lawsuit") by Julian Rodney Rooks, Jr. (the "Debtor") and Barbara Rooks (the "Co-Plaintiff") on January 22, 2015.

2. The Debtor and the Co-Plaintiff (collectively, the "Plaintiffs") are representing themselves *pro se*. The Plaintiffs' adversary Complaint is 91 pages in length, contains over 250 pages of exhibits[5], and asserts dozens of causes of action against over 60 individuals and entities named as Defendant, in addition to the Movants. *See* Dkt. No. 1.[6]

3. The Clerk of the United States Bankruptcy Court for the Northern District of Florida issued a summons to the Plaintiffs on January 25, 2016. Dkt. No. 3. The summons stated that the Movants are "required to submit a motion or answer to the complaint which is attached to this summons to the Clerk of the bankruptcy court within 30 days after the date of the issuance of this summons." *Id.* Accordingly, by its terms, the Summons requires the Movants to submit a motion, answer or other responsive pleading on or before February 24, 2016.

4. The Plaintiffs attempted service of process on the Movants—both by process server and by United States mail—on or about February 16, 2016. Subsequently, on February 22, 2016, the Plaintiffs filed a certificate of service in the Lawsuit. *See* Dkt. No. 31. In the certificate of service, an individual named Cathy Rooks, who is not named as a Plaintiff in the

---

[4] St. Matthew's University (Cayman), Ltd. d/b/a St. Matthew's School of Medicine has also been erroneously named as "St. Matthew's University (Cayman) Ltd., Corp., a Florida Corporation," "St. Matthew's University School of Medicine LLC, a Florida Corporation," "St. Matthews University Ltd., a Florida Corporation," "St. Matthews University School of Medicine *et al.*," and "St. Matthews University *et al.*"

[5] It appears that numerous referenced exhibits have been omitted from the served copies of the Complaint. It also appears that portions of the Complaint are redacted—all apparently without explanation or leave of Court.

[6] Unless otherwise noted, all citations to docket entries are in reference to Adversary Case No. 16-04003-KKS.

Lawsuit and does not appear to be a licensed attorney qualified to represent the Plaintiffs, certified that copies of the complaint and the summons were served on the Movants on February 18, 2016, by United States mail.

5. The Plaintiffs' attempted service of the summons on the Movants was untimely under Federal Rule of Bankruptcy Procedure 7004(e) because the Plaintiffs failed to deposit the summons in the mail within seven days after the summons was issued. Under Rule 7004(e), another summons must be issued for service. *See* FED. R. BANKR. P. 7004(e).

6. Plaintiffs have requested that the Bankruptcy Court enlarge the time for service of summons upon the Defendants pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1). *See* Dkt. No. 22.[7]

7. The Movants request that the Court grant them a 60-day extension of time to answer, move or otherwise plead.[8] Because numerous employees, agents and representatives of one or more Defendants have been named in the Complaint, and because more time is needed to evaluate the connection of these individuals and entities to the Complaint (if any), the Movants request that the deadline to answer, move or otherwise plead to the Complaint should be extended for the benefit of all Defendants.

---

[7] No order has been entered on the motion to enlarge the time to accomplish service, and the Movants reserve the right to oppose that motion. The Movants also reserve all rights, claims, defenses and arguments in connection with the sufficiency of service in this Lawsuit.

[8] The Movants also anticipate filing a motion to abate and temporarily adjourn the response deadlines to the numerous other motions and pleadings that the Plaintiffs have filed, but not properly served, in the Lawsuit. To date, the Plaintiffs have filed the following other motions and pleadings: Pro se Motion to Reopen Barbara Rook's Closed Chapter 7 Proceeding [Dkt. No. 4]; Motion to Waive Case Reopen Fee [Dkt. No. 5]; Pro se Motion to Preclude the Statute of Limitations as a Defense [Dkt. No. 6]; Motion to Waive Chapter 7 Filing Fee [Dkt. No. 7]; Motion to Waive All Bankruptcy Court Fees [Dkt. No. 8]; Motion to Seal as Related to Qui Tam complaint [Dkt. No. 9]; Motion for Protective Order to Restrict Remote Electronic Access and Provide for Redaction Information [Dkt. No. 10]; Pro se Motion for Judicial Notice of and Protective Order for Confidential Patient Information [Dkt. No. 11]; Request for Judicial Notice of Graphic Material Evidence [Dkt. No. 12]; Pro se Motion for Surety Bond [Dkt. No. 13]; Motion for Generous Leave to Amend Complaint [Dkt. No. 14]; Motion for Summary Judgment [Dkt. No. 15]; Motion for Turnover [Dkt. No. 16]; Motion for Determination and Waiver of Debtor's Duty to Comply with the Credit Counseling Requirement of 11 USC Section 109(h)(1) [Dkt. No. 17]; Motion to Extend Time for Service [Dkt. No. 22].

8.  The Movants expressly reserve all other rights, claims and defenses with respect to the Complaint, including but not limited to the right to object to both subject matter and, to the extent applicable, personal jurisdiction, as well as to the timeliness and sufficiency of service of process in this Lawsuit.

9.  This extension is not being sought for purposes of delay, but in the interest of judicial economy and so that justice may be done. Good cause exists for granting the relief requested.

WHEREFORE, PREMISES CONSIDERED, Movants respectfully request that the Court extend by 60 days the deadline for each Defendant to answer, move or otherwise plead to the Complaint, and for all such other and further relief to which Movants are entitled at law or in equity.

**DATED** February 24, 2016.

Respectfully submitted,

/s/ *Brian S. Pantaleo*
Brian S. Pantaleo
Florida Bar No.: 99932
brian.pantaleo@lockelord.com
Attorneys for Defendant
**LOCKE LORD LLP**
525 Okeechobee Boulevard, Suite 1600
West Palm Beach, FL  33401
Telephone:   (561) 833-7700
Facsimile:   (561) 655-8719

*Attorney for Defendants*

AUS:1451240/00043:630466v1

## LOCAL RULE 7007-1 CERTIFICATION

Pursuant to RULE 7007-1, counsel for the Movants certifies that counsel attempted to confer with the Plaintiffs regarding the relief requested in this motion, but was unsuccessful. Counsel for the Movants is therefore not aware of the Plaintiffs' position regarding the relief requested in this motion.

/s/ *Brian S. Pantaleo*
Brian S. Pantaleo
Florida Bar No.: 99932

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon the following parties in the method indicated below pursuant to the Federal Rules of Bankruptcy Procedure on this 24th day of February 2016.

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Julian Rodney Rooks, Jr.
Barbara Rooks
3648 Dartford Lane
Tallahassee, FL. 32311
*Pro Se Plaintiffs*

United States Trustee's Office
110 E. Park Avenue
Suite 128
Tallahassee, FL 32301
*United States Trustee*

**VIA U.S. MAIL FIRST CLASS**

Mary W. Colon
P.O. Box 14596
Tallahassee, FL 32317
*Chapter 7 Trustee*

/s/ *Brian S. Pantaleo*
Brian S. Pantaleo
Florida Bar No.: 99932

AUS:1451240/00043:630466v1