## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 16-40025-KKS |
| JULIAN RODNEY ROOKS, JR., | § | |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| JULIAN RODNEY ROOKS, JR., & | § | |
| BARBARA ROOKS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADV. PRO. NO. 16-04003-KKS |
| | § | |
| EQUINOX CAPITAL, LICENSED BY | § | |
| THE UNITED STATES SMALL | § | |
| BUSINESS ADMINISTRATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MOTION OF DEFENDANTS EQUINOX CAPITAL SBIC, L.P., R3 EDUCATION, INC., ST. MATTHEW'S UNIVERSITY, INC. AND ST. MATTHEW'S UNIVERSITY (CAYMAN), LTD. TO ABATE AND ADJOURN RESPONSE DEADLINES AND INCORPORATED MEMORANDUM OF LAW

TO THE HONORABLE KAREN K. SPECIE, CHIEF U.S. BANKRUPTCY JUDGE:

COME NOW DEFENDANTS Equinox Capital SBIC, L.P.,[1] R3 Education, Inc., a Delaware corporation,[2] St. Matthew's University, Inc., a Delaware corporation,[3] and St. Matthew's University (Cayman), Ltd. d/b/a St. Matthew's School of Medicine, a Cayman Islands corporation[4] (collectively, the "Movants"), and file this *Motion to Abate and Adjourn Response*

---

[1] Equinox Capital SBIC, L.P. has also been erroneously named as "Equinox Capital, licensed by the United States Small Business Administration," "Equinox Capital Partners LLC," Equinox Capital, Inc. and "Equinox, *et al.*"

[2] R3 Education, Inc. has also been erroneously named as "R3 Education Inc., a Florida Corporation" and "R3 Education, a Massachusetts Corporation."

[3] St. Matthew's University, Inc. has also been erroneously named as "St. Matthews University, Inc., a Florida Corporation."

[4] St. Matthew's University (Cayman), Ltd. d/b/a St. Matthew's School of Medicine has also been erroneously named as "St. Matthew's University (Cayman) Ltd., Corp., a Florida Corporation," "St. Matthew's University School of

*Deadlines and Incorporated Memorandum of Law* (the "Motion to Abate and Adjourn").   In support thereof, the Movants respectfully represent as follows:

1.     The Movants have been named as Defendants in the Complaint (the "Complaint") filed in the above-captioned adversary proceeding (the "Lawsuit") by Julian Rodney Rooks, Jr. (the "Debtor") and Barbara Rooks (the "Co-Plaintiff") on January 22, 2015.

2.     The Debtor and the Co-Plaintiff (collectively, the "Plaintiffs") are representing themselves *pro se*.  The Plaintiffs' adversary Complaint is 91 pages in length, contains over 250 pages of exhibits[5], and asserts dozens of causes of action against over 60 individuals and entities named as Defendant, in addition to the Movants.  *See* Dkt. No. 1.[6]  As detailed below in Paragraph 5, the Plaintiffs have filed an additional 15 motions and other pleadings in the Lawsuit.

3.     On February 24, 2016, the Movants filed their *Motion for Extension of Time to File a Responsive Pleading or Otherwise Answer and Incorporated Memorandum of Law* (the "Motion for Extension").  *See* Dkt. No. 32.[7]  The Court has yet to rule on the Motion for Extension.

4.     In the Motion for Extension, the Movants noted that the Plaintiffs had filed numerous other motions and pleadings in the lawsuit that have not been properly served on the Movants and the other Defendants.  *See* Dkt. No. 32, at n.8.

5.     To date, the Plaintiffs have filed, but not served, the following other motions and pleadings:

---

Medicine LLC, a Florida Corporation," "St. Matthews University Ltd., a Florida Corporation," "St. Matthews University School of Medicine *et al.*," and "St. Matthews University *et al.*"
[5] It appears that numerous referenced exhibits have been omitted from the served copies of the Complaint.  It also appears that portions of the Complaint are redacted—all apparently without explanation or leave of Court.
[6] Unless otherwise noted, all citations to docket entries are in reference to Adversary Case No. 16-04003-KKS.
[7] In the Motion for Extension, the Movants indicated to the Court that they anticipated filing this Motion to Abate and Adjourn.  Dkt. No. 32, at n.8.

2

- Pro se Motion to Reopen Barbara Rook's Closed Chapter 7 Proceeding [Dkt. No. 4];

- Motion to Waive Case Reopen Fee [Dkt. No. 5];

- Pro se Motion to Preclude the Statute of Limitations as a Defense [Dkt. No. 6];

- Motion to Waive Chapter 7 Filing Fee [Dkt. No. 7];

- Motion to Waive All Bankruptcy Court Fees [Dkt. No. 8];

- Motion to Seal as Related to Qui Tam complaint [Dkt. No. 9];

- Motion for Protective Order to Restrict Remote Electronic Access and Provide for Redaction Information [Dkt. No. 10];

- Pro se Motion for Judicial Notice of and Protective Order for Confidential Patient Information [Dkt. No. 11];

- Request for Judicial Notice of Graphic Material Evidence [Dkt. No. 12];

- Pro se Motion for Surety Bond [Dkt. No. 13];

- Motion for Generous Leave to Amend Complaint [Dkt. No. 14];

- Motion for Summary Judgment [Dkt. No. 15];

- Motion for Turnover [Dkt. No. 16];

- Motion for Determination and Waiver of Debtor's Duty to Comply with the Credit Counseling Requirement of 11 USC Section 109(h)(1) [Dkt. No. 17]; and

- Motion to Extend Time for Service [Dkt. No. 22].

6.      The Court has entered orders denying three of these motions.  *See* Order Denying Pro se Motion to Reopen Barbara Rook's Closed Chapter 7 Proceeding [Dkt. No. 25]; Order Denying Motion to Waive Case Reopen Fee [Dkt. No. 26]; Order Denying Motion to Waive All Bankruptcy Court Fees [Dkt. No. 27].  In other instances, the Clerk of the United States Bankruptcy Court for the Northern District of Florida has entered docket notifications that

3

multiple of the Plaintiffs' filings were submitted in error.  *See, e.g.*, Dkt. No 23 (notifying Plaintiffs that the Motion to Extend Time for Service lacked a proper certificate of service).

7.    Furthermore, the Plaintiffs have not served these motions and pleadings on the Movants and other Defendants.  Pursuant to Local Rule 9013-1(B)(1), parties' responses to motions must be filed and served "within fifteen (15) days after service of the motion or application."  L. BANKR. R. 9013-1(B)(1).  Because the Plaintiffs' motions and pleadings have not been served, the response deadlines contained in Local Rule 9013-1(B)(1) have not been triggered.  Accordingly, no party will be prejudiced by the relief sought in this Motion to Abate and Adjourn.

8.    Many significant threshold issues exist in this case, including likely deficiencies pertaining to subject matter jurisdiction, personal jurisdiction, and the Plaintiffs' standing in the Lawsuit.  These significant threshold issues will need to be properly briefed and vetted before it becomes appropriate to address many of the ancillary matters raised in the motions and pleadings identified in Paragraph 5 above.  All parties to this Lawsuit will benefit from an orderly resolution of these potentially dispositive issues prior to expending resources addressing the variety of matters raised in the other motions and pleadings.

9.    In the interest of promoting judicial economy and for purposes of discouraging wasteful pretrial activity, the Movants request that the Court grant an abeyance and temporary adjournment to the response deadlines to the various motions and pleadings identified in Paragraph 5 of this Motion to Abate and Adjourn, and any hereafter filed motions or pleadings, until the Court enters a scheduling order in this Lawsuit.  Further, the Movants request that the Court's scheduling order establish the deadlines to respond to the various motions and pleadings

4

identified in Paragraph 5 of this Motion to Abate and Adjourn, and any hereafter filed motions or pleadings.

10.     Because numerous employees, agents and representatives of one or more Defendants have been named in the Complaint, and because more time is needed to evaluate the connection of these individuals and entities to the Complaint (if any), the Movants request that the deadline to respond to the Plaintiffs' motions and pleadings be abated and adjourned with respect to all Defendants.

11.     The Movants expressly reserve all other rights, claims and defenses with respect to the motions and pleadings, including but not limited to the right to object to both subject matter and, to the extent applicable, personal jurisdiction, as well as to the timeliness and sufficiency of service of the Plaintiffs' motions and pleadings.

12.     This Motion to Abate and Adjourn is not being sought for purposes of delay, but in the interest of judicial economy and so that justice may be done. Good cause exists for granting the relief requested.

WHEREFORE, PREMISES CONSIDERED, Movants respectfully request that the Court grant an abeyance and temporary adjournment to the response deadlines to the various motions and pleadings identified in Paragraph 5 of this Motion to Abate and Adjourn, and any hereafter filed motions or pleadings, until the date or dates that the Court specifies in its scheduling order, and for all such other and further relief to which Movants are entitled at law or in equity.

**DATED** March 4, 2016.

Respectfully submitted,

/s/ *Brian S. Pantaleo*
Brian S. Pantaleo
Florida Bar No.:  99932
brian.pantaleo@lockelord.com
Attorneys for Defendant
**LOCKE LORD LLP**
525 Okeechobee Boulevard, Suite 1600
West Palm Beach, FL  33401
Telephone:     (561) 833-7700
Facsimile:      (561) 655-8719

*Attorney for Movants*

## LOCAL RULE 7007-1 CERTIFICATION

Pursuant to RULE 7007-1, counsel for the Movants certifies that counsel attempted to confer with the Plaintiffs regarding the relief requested in this motion, but was unsuccessful. Counsel for the Movants is therefore not aware of the Plaintiffs' position regarding the relief requested in this motion.

/s/ *Brian S. Pantaleo*
Brian S. Pantaleo
Florida Bar No.: 99932

6

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served upon the following parties in the method indicated below pursuant to the Federal Rules of Bankruptcy Procedure on this 4th day of March 2016.

## <u>VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>

Julian Rodney Rooks, Jr.
Barbara Rooks
3648 Dartford Lane
Tallahassee, FL. 32311
*Pro Se Plaintiffs*

United States Trustee's Office
110 E. Park Avenue
Suite 128
Tallahassee, FL 32301
*United States Trustee*

## <u>VIA U.S. MAIL FIRST CLASS</u>

Mary W. Colon
P.O. Box 14596
Tallahassee, FL 32317
*Chapter 7 Trustee*

/s/ *Brian S. Pantaleo*
Brian S. Pantaleo
Florida Bar No.: 99932

7

AUS:1451240/00043:630986v2