UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

JULIAN RODNEY ROOKS, JR,

    Debtor.
_____/

Case No.. 16-40025-KKS

Chapter 7

JULIAN RODNEY ROOKS, JR., &
BARBARA ROOKS,

    Plaintiffs,

vs.

EQUINOX CAPITAL, LICENSED BY
THE UNITED STATES SMALL
BUSINESS ADMINISTRATION, et al,

    Defendants.
_____/

Adv. Pro. No. 16-04003-KKS

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED

Defendant, GC SERVICES LIMITED PARTNERSHIP ("GCS"), by and through its undersigned counsel and pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure, hereby files this, its Motion to Dismiss the Complaint (D.E. #1 et seq) as to GC Services and Incorporated Memorandum of Law for failure to state a claim on which relief can be granted, and in support thereof states as follows:

    1.    Plaintiff filed a 91 page complaint against sixty-six named defendants, including GC Services.

    2.    A review of the Complaint reveals there is not one allegation directed to GC Services.

2

3. In fact, the Complaint makes only two mentions of GCS: initially in the style of the case, and again in the section entitled "Defendants", there is an allegation (albeit inaccurate) that GCS is a Florida corporation.

4. GCS is not mentioned in any of the 91 pages that follow.

5. Nor does there appear to be any exhibit that relates to GCS in the 271 pages of composite exhibits that follow the Complaint.

6. As there are no operative allegations setting forth a claim on which relief can be granted as to GCS, GCS prays for the relief of dismissal of the Complaint as to GCS, as set forth more fully in the Memorandum of Law below.

7. In the alternative, GCS adopts and joins in the Motion of Defendants Equinox Capital SBIC, L.P., R3 Education, Inc., St. Matthew's University Inc, and St. Matthew's University (Cayman) Ltd et al ("St. Matthew's Parties"), for extension of time to file a responsive pleading or otherwise answer (D.E. 32), and reserves to itself and does not waive all rights, defenses, defects in jurisdiction, and defects in service of process as may exist with regard to GCS.[1]

### MEMORANDUM OF LAW

The pleading standard of Rule 8 does not require detailed factual allegations, but it does "demand more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint that contains almost no factual allegations as to a particular defendant is subject to dismissal. *Tani v. Shelby Cty., Ala*, 511 F. Appx. 854, 857 (11th Cir. 2013). This is true even where the Plaintiff is a pro se

---

[1] Defendant also notes that the Court entered at the request of the St. Matthew's Parties an Order (D.E. 36) abating until the publication of a scheduling order any deadlines for all Defendants to respond to the Plaintiff's numerous motions and pleadings (as set forth in Paragraph 5 of D.E. 35 and such further motions and pleadings as Plaintiffs may file), and will not address any such motions unless and until further order of the Court.

litigant.  *Id*, at 856 ("Court's duty to liberally construe a *pro se* litigant's complaint "in the face of a motion to dismiss is not the equivalent of a duty to re-write it...."). This Complaint makes no specific allegation of any discernible sort regarding GCS and should therefore be dismissed as to this Defendant.

**CERTIFICATION OF GOOD FAITH ATTEMPT TO CONFER PER LOC. R. 7007-1**

The undersigned hereby certifies that he has attempted to confer in good faith with Plaintiffs using the phone number provided in the service block for the Complaint regarding the relief requested in this Motion, but that he was unable to confer with Plaintiffs regarding this Motion. Defendant believes this Motion can be disposed of without a hearing and does not request one, but should a hearing on this Motion be necessary or should Plaintiffs respond, Defendant anticipates no more than ten minutes would be necessary to present this motion.

WHEREFORE, Defendant GC SERVICES LIMITED PARTNERSHIP respectfully requests this honorable Court dismiss the Complaint of Plaintiffs as to GC SERVICES LIMITED PARTNERSHIP, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Ruel W. Smith
Ruel W. Smith
Florida Bar No. 36548
rsmith@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive, Suite 500
Tampa, FL 33602
Telephone: 813-276-1662
Facsimile: 813-276-1956
Attorneys for the GC Services, Inc.

131327317v1 0983945

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 16th day of March, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and via U.S. Mail, postage prepaid, to *pro se* Plaintiffs: Julian Rodney Rooks, Jr., 3648 Dartford Lane, Tallahassee, Florida 32311, and Barbara Rooks, 3648 Dartford Lane, Tallahassee, Florida 32311.

                                                       s/ Ruel W. Smith

131327317v1 0983945