UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

Julian Rodney Rooks, Jr.    Case No. 16-40025-KKS

    Debtor.    Chapter 7
_____/

Julian Rodney Rooks, Jr. and
Barbara Rooks,

    Plaintiffs,

v.    Adv. Proc. No. 16-04003

Equinox Capital, Licensed by the United States
Small Business Administration, *et al.*,

    Defendants.
_____/

## MOTION OF SUNRISE CREDIT SERVICES, INC. TO DISMISS COMPLAINT

Sunrise Credit Services, Inc. ("Sunrise" or "Defendant") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012, to dismiss the Complaint ("Complaint") in the above-captioned adversary proceeding as to Sunrise. In support of its Motion to Dismiss and Incorporated Memorandum of Law ("Motion"), Sunrise respectfully states as follows:

    1.    The Complaint was filed on January 22, 2016, by Julian Rodney Rooks, Jr. ("Debtor") and Barbara Rooks (collectively with Debtor, "Plaintiffs").

    2.    A review of the Complaint reveals that there is not one allegation directed at Sunrise.

3. The Complaint only mentions Sunrise in the style of the case, and makes no further mention of Defendant in the 91 pages that follow, including in the section entitled "Defendants."

4. An examination of the 271 pages of exhibits revealed no exhibits relating to Sunrise.

5. An account ("Account") for collection as to Debtor was placed with Sunrise. *See* Declaration of Peter Campisi (hereafter, "Campisi Decl."), Paragraph 5.[1]

6. Sunrise has not attempted to collect on that Account since June, 2011. *See* Campisi Decl., Paragraph 6.

7. Sunrise has not caused or had any other contact with the Debtor or Barbara Rooks. *See* Campisi Decl., Paragraph 7.

8. Sunrise took no other action with respect to the Debtor or Barbara Rooks. *See* Campisi Decl., Paragraph 8.

9. Claims under the Florida Consumer Collection Practices Act ("FCCPA") are barred after two years, and claims under the Federal Debt Collection Practices Act ("FDCPA") must be brought within one year. *See* Fla. Stat. Ann. § 559.77(4) and 15 U.S.C. § 1692k(d).

## MEMORANDUM OF LAW

a. *The standard for granting a Motion to Dismiss is satisfied.*

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can move to dismiss a complaint on the ground that the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is made applicable to this adversary proceeding pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

---

[1] A true and correct copy of the Campisi Declaration is attached hereto as Exhibit A.

On a motion to dismiss pursuant to Rule 12(b)(6), the court "accept[s] the allegations in the complaint as true, and constru[es] them in the light most favorable to the plaintiff." *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1359 (11th Cir. 2011) (quoting *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010)). In order to survive a motion to dismiss, a complaint must allege a plausible set of facts "sufficient to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A claim is "plausible" if the facts are sufficient "to allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal quotations omitted); *see also Hayden v. Paterson*, 594 F.3d 150, 157 n. 4 (2d Cir.2010) (allegations must be more than "mere conclusory statements").

Plaintiffs fail to make any reference to Sunrise within the body of the Complaint, and make no discernable allegation or claim against Sunrise of any kind. Therefore, even assuming all of the allegations in the Complaint are true, Plaintiffs have stated no claim against Sunrise. Having stated no claim or allegation against Sunrise, the Rule 12(b)(6) standard is satisfied because Plaintiffs have "fail[ed] to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). Therefore, this Complaint should be dismissed as to Sunrise.

    b.    *The applicable statutes of limitation have run.*

With respect to claims against debt collectors, Plaintiffs seek relief under the FCCPA and FDCPA. Since any claims under the FCCPA must be brought within two years, and claims under the FDCPA must be brought within one year, Plaintiffs could not simply add Sunrise to its

existing Complaint. *See* Fla. Stat. Ann. § 559.77(4) and 15 U.S.C. § 1692k(d). Therefore, this Complaint should be dismissed with prejudice as to Sunrise.

### CERTIFICATION OF GOOD FAITH ATTEMPT TO CONFER PER LOC. R. 7007-1

The undersigned hereby certifies that Stinson Leonard Street LLP has attempted to confer in good faith with Plaintiffs using the email address provided on page 88 of the Complaint at which Plaintiffs requested correspondence to be sent. However, Defendant was unable to confer with Plaintiffs regarding this Motion. Defendant believes this Motion can be disposed of without a hearing and does not request one, but should a hearing on this Motion be necessary or should Plaintiffs respond, Defendant anticipates that no more than ten minutes would be necessary to present this motion.

WHEREFORE, Sunrise Credit Services, Inc. respectfully moves that the Court enter an Order granting the Motion, dismissing the Complaint with prejudice as to Sunrise, and providing such other and further relief as it deems just and proper.

Dated: March __21st__, 2016                    Respectfully submitted:

/s/ Douglas A. Bates
Douglas A. Bates, Esq.
Florida Bar No. 0791431
CLARK PARTINGTON
125 West Romana St., Suite 800
Pensacola, FL 32502
Telephone: 850.434.9200
Facsimile: 850.432.7340
Email: dbates@clarkpartington.com

and

Darrell W. Clark, Esq.
DC Bar No.: 450273
STINSON LEONARD STREET LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006


Telephone: 202.785.9100
Facsimile: 202.785.9163
Email: darrell.clark@stinson.com
*Counsel for Sunrise Credit Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via email through CM/ECF to the following:

Brian Pantaleo, Esq., at brian.pantaleo@lockelord.com
Ruel William Smith, Esq., at rsmith@hinshawlaw.com
Nicolette Corso Vilmos, Esq. at nvilmos@broadandcassel.com

and by regular U.S. Mail to the following:

Julian Rodney Rooks, Jr.
Barbara Rooks
3648 Dartford Lane
Tallahassee, FL 32311

on this __21st__ day of March, 2016.

/s/ Douglas A. Bates
**DOUGLAS A. BATES**